# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| TRONOX LIMITED, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. **1:18cv10-SA-RP** |
| | ) |
| v. | ) |
| | ) |
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED HEARING AND SCHEDULING ORDER

Pursuant to Rule 6(c)(1)(C) of the Federal Rules of Civil Procedure, Plaintiff Tronox Limited ("Tronox") moves for an expedited hearing and scheduling order in this matter. Tronox has good cause for seeking an expedited hearing because:

### THE NEED FOR EXPEDITED RELIEF

Tronox, a global producer of titanium dioxide pigment ("TiO2") with its largest production facility located in Hamilton, Mississippi, seeks to acquire TiO2 producer The National Titanium Dioxide Company Ltd. ("Cristal"). Tronox and Cristal executed a purchase agreement in February 2017. If the proposed transaction is not closed by May 21, 2018, the transaction will expire.

Tronox and Cristal submitted regulatory filings to the Federal Trade Commission ("FTC") under the Hart-Scott-Rodino Act ("HSR Act") on March 17, 2017, giving the FTC more than fourteen months' advance notice of the proposed transaction's expiration date.

Tronox and Cristal complied with every requirement of the administrative review process in seeking approval for their proposed transaction, including voluntarily granting the FTC's request in the fall of 2017 for more than six additional weeks to complete its investigation.

Thereafter, the transacting parties agreed to the FTC's additional request that they not close their transaction before December 1, 2017, in order to grant the FTC still more time to decide whether to sue to block the transaction.

On December 5, 2017, the FTC filed an administrative complaint pursuant to Part 3 of the FTC's Rules, typically referred to as a "Part 3 Proceeding." The objective of the Part 3 Proceeding is to determine the legality of the proposed acquisition, but the Part 3 Proceeding cannot itself prevent the transaction from moving forward. In order to prevent consummation of the proposed acquisition, the FTC must sue to enjoin the transaction in federal court.

As outlined in the Complaint filed with this Court today, the FTC did not follow its usual practice and did not simultaneously seek a preliminary injunction in federal court to halt the proposed transaction. Had the FTC followed its usual practice, it would have filed for a preliminary injunction soon after December 5, 2017. Such cases typically take four to five months to complete, from the filing of the FTC's complaint to the decision of the district court, so there would have been ample time to litigate the merits of this case before a federal judge.

Instead, the FTC has publicly stated that it will wait until the European Commission completes its regulatory review process of the proposed transaction before filing for a preliminary injunction in federal court. This proffered justification for the FTC's delay is puzzling: The FTC does not make a practice of awaiting other jurisdictions' reviews of mergers and acquisitions before initiating its own suits, and FTC counsel admitted to the administrative law judge at the opening of the Part 3 Proceeding that the European Commission's decision would have no relevance to the FTC's enforcement. Dec. 20, 2017 Pretrial Conf. Tr. 6. Even were the FTC's excuse for delaying its suit a plausible one, the European Commission is expected to conclude its review of the transaction in mid-May 2018, less than two weeks before

2

the expiration date of the proposed transaction. When the FTC then files for a preliminary injunction in federal court, there will no longer be sufficient time to litigate the merits of the transaction before the May 21, 2018 expiration date. By engaging in this unorthodox delay tactic, the FTC aims to deny Tronox and Cristal their rightful day in federal court rather than defend its opposition to the transaction on the merits.

At the moment, however, sufficient time remains to litigate the merits of the proposed transaction if federal court litigation begins promptly.

As outlined in the Complaint, Tronox is prepared to demonstrate that its pro-competitive transaction complies with U.S. antitrust law and will benefit consumers in the global TiO2 market. Tronox seeks nothing more than what any party in its position is typically afforded—its rightful day in federal court.

Tronox's Complaint seeks an order compelling the FTC to bring any injunctive relief regarding the proposed transaction under Section 13(b) of the FTC Act before 5:00 p.m. EST on February 15, 2018 or, in the alternative, an injunction prohibiting the FTC from seeking any such injunctive relief at any later date and time. Tronox further requests that the Court issue a judicial declaration stating that, in the absence of an FTC request for injunctive relief under Section 13(b) of the FTC Act before 5:00 p.m. EST on February 15, 2018, the FTC could not prevail in an injunctive proceeding under section 13(b) were it to bring such an action challenging Tronox's acquisition of Cristal, and accordingly, there is no legal impediment that could prevent Tronox and Cristal closing their proposed transaction. For the avoidance of doubt, Tronox also asks in the alternative that this Court resolve any request for a preliminary injunction under Section 13(b) asserted by the FTC in this case.

For no apparent reason, the FTC is currently deferring the federal court proceeding in this case to the point at which it could not provide meaningful process to the parties. Had the FTC proceeded in a manner consistent with its longstanding practices, Tronox's request to expedite would be unnecessary. Given the circumstances, Tronox requests an expedited schedule and hearing on the merits of its claims for declaratory and injunctive relief.

## PROPOSED SCHEDULE RELATED TO RELIEF

Tronox is therefore requesting the following scheduling order. Tronox is prepared to litigate the injunctive and declaratory judgment issues immediately, and it further believes this schedule to be practical and feasible for both parties.

(1) Defendant shall file any motions to dismiss, to stay, or to otherwise suspend these proceedings (hereinafter "the Initial Motions"), together with any memorandum briefs in support, on or before January 30, 2018;

(2) Plaintiff shall file its response to any Initial Motions, together with any memorandum briefs in support, on or before February 5, 2018;

(3) Defendants shall file any reply with respect to the Initial Motions on or before February 8, 2018;

(4) The parties shall be available for oral argument, if necessary, at the Court's convenience.

First, the FTC fully possesses all the facts it requires to begin litigating this matter. The transacting parties disclosed their initial HSR filings to the FTC more than ten months ago, and

4

the FTC deemed both parties to have completed their response to the Second Request process in September 2017.

Second, all parties have commenced and engaged in the discovery process of the FTC's Part 3 Proceeding. Nothing—other than the FTC's unorthodox delay—prevents the parties from continuing the in-progress discovery and litigation in federal court.

Third, but for the regulatory review process in other non-United States jurisdictions, Tronox and Cristal would be free to consummate the proposed transaction. The FTC has indicated that it intends to bring its request for an injunction at some point after the European Commission completes its review. Having already brought its administrative proceeding about this proposed transaction, the FTC should also be prepared to litigate the issues in federal court.

Fourth, the FTC wields the enormous resources of the federal government and regularly litigates emergency actions. The FTC is capable of litigating the declaratory and injunctive relief issues on an expedited schedule. Indeed, it publicly states that it intends to do so at some unspecified later time.

Finally, Tronox fully understands the demands on this Court's time as a result of a full docket. Tronox seeks expedited proceedings solely for the purpose of obtaining merits review of its proposed transaction and solely as a result of the FTC's delay tactics.

## CONCLUSION

This case presents a situation where both the public interest and the interests of justice call for timely relief. Tronox is fully prepared to present its case on the merits to a neutral federal arbiter before the clock runs out on the proposed transaction. All Tronox asks is for the FTC to do the same. This court has the authority to establish now the equitable judicial process that the FTC is wrongfully denying Tronox.

Accordingly, Tronox requests an expedited scheduling order from the Court to establish relevant dates for the consideration of Tronox's claims for injunctive and declaratory relief that will permit merits consideration of these claims before the May 21, 2018 expiration date of the proposed transaction.

DATED: January 23, 2018                                     Respectfully Submitted,


*/s/ Paul V. Cassisa, Jr.*
Paul V. Cassisa, Jr.
BUTLER SNOW LLP
1200 Jefferson Avenue, Suite 205
Oxford, MS  38655
P.O. Box 1138
Oxford, MS  38655-1138
Telephone:     (662) 513-8004 (Direct)
Facsimile:      (662) 513-8001
E-mail:  Paul.Cassisa@butlersnow.com


*Attorney for Plaintiff,*
*TRONOX LIMITED*

40235413.v1